**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RAJIA J.,[1] | ) 3:25-CV-00123 (SVN) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHELLE KING, Acting Commissioner | ) |
| of the Social Security Administration, | ) March 30, 2026 |
| *Defendant*.[2] | ) |

**RULING ON PLAINTIFF'S MOTION TO REVERSE OR REMAND AND**
**DEFENDANT'S MOTION TO AFFIRM DECISION OF COMMISSIONER**

Sarala V. Nagala, United States District Judge.

Plaintiff Rajia J. brings this appeal under Titles II and XVI of the Social Security Act against the Commissioner of the Social Security Administration (the "Commissioner"). Plaintiff seeks review and reversal of the final decision of an Administrative Law Judge ("ALJ"), which found, in relevant part, that her migraines were not a severe impairment and that she could perform light work with certain limitations, and denied her application for social security disability benefits. Plaintiff contends that the ALJ's determination that her migraines were non-severe is not supported by substantial evidence in the record. The Commissioner, in turn, cross-moves for affirmance of the ALJ's decision. For the reasons described below, Plaintiff's motion to reverse the ALJ's decision is DENIED, and Defendant's motion to affirm the ALJ's decision is GRANTED.

---

[1] In opinions issued in cases filed pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court will identify and reference any non-government party solely by first name and last initial, in order to protect the privacy interest of social security litigants while maintaining public access to judicial records. *See* Standing Order – Social Security Cases (D. Conn. Jan. 8, 2021).

[2] The Clerk is directed to replace Michelle King with Frank J. Bisignano, who is currently serving as Commissioner of the U.S. Social Security Administration. *See* Fed. R. Civ. P. 25(d).

## I.   BACKGROUND

The Court assumes the parties' familiarity with Plaintiff's medical history and the underlying administrative proceedings, which are summarized in her statement of facts, Pl. Mot. to Reverse, ECF No. 14-1, and which the Commissioner adopts, Def. Mot. to Affirm, ECF No. 19-1. The Court adopts and incorporates these facts by reference herein. The Court also assumes the parties' familiarity with the five-step process used in the sequential analysis of disability claims, the ALJ's opinion, and the record. Thus, the Court will only cite portions of the record and applicable legal standards as necessary to explain its decision.

## II.   LEGAL STANDARD

A Commissioner's decision as to whether a claimant is disabled shall be reversed only when it is based upon a legal error or when it is not supported by substantial evidence in the record. *Greek v. Colvin*, 802 F.3d 370, 374 (2d Cir. 2015) (*per curiam*); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .."). "Substantial evidence 'is more than a mere scintilla' and 'means such relevant evidence as a reasonable mind might accept 'as adequate to support a conclusion.'" *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (*per curiam*) (internal quotation marks and citation omitted). Under this standard of review, "absent an error of law, a court must uphold the Commissioner's decision if it is supported by substantial evidence, even if the court might have ruled differently." *Campbell v. Astrue*, 596 F. Supp. 2d 446, 448 (D. Conn. 2009). The ALJ's finding of facts shall only be

rejected if a court concludes a "reasonable factfinder would *have to conclude otherwise*." *Brault v. Social Sec. Admin., Comm'r,* 683 F.3d 443, 448 (2d Cir. 2012) (*per curiam*) (emphasis in original; internal citation omitted).

## III.    DISCUSSION

### A.  The Severity of Plaintiff's Migraines

Plaintiff's challenge of the ALJ's decision rests on a single ground:  that the ALJ erred at step two of the disability claim analysis by finding that Plaintiff's migraines did not constitute a severe impairment.[3]  *See* ECF No. 14-1 at 15, 17.  In support of this argument, Plaintiff points to evidence that the ALJ purportedly overlooked, including medical reports and testimony suggesting that Plaintiff's migraines did not improve or otherwise respond well to various medications and treatments.  In response, the Commissioner argues that the Court need not resolve this issue as the classification of Plaintiff's migraines as non-severe is immaterial.

At step two of a disability claim analysis, the ALJ is required to determine the severity of a claimant's impairments.   20  C.F.R.  §§  404.1520(a)(4)(ii),  (c);  416.920(a)(4)(ii),  (c).   An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. *Tyrone P. v. Saul*, No. 3:20-CV-00112 (SALM), 2021 WL 288788, at *5 (D. Conn. Jan. 28, 2021) (citing Social Security Ruling 96-3p, 1996 WL 374181, at *1 (S.S.A. July 2, 1996)). Conversely, an impairment is not considered severe if it "constitutes only a slight abnormality having a minimal effect on an individual's ability to perform basic work activities." *Tyrone P.*, 2021 WL 288788, at *5 (internal citation omitted); *see also* 20 C.F.R. §§ 404.1522(a), 416.922(a).

---

[3] Since Plaintiff does not address or otherwise challenge any other aspects of the ALJ's decision—and since she opted not to file any reply brief to respond to Defendant's arguments—the Court deems any such challenges to the ALJ's other findings as waived. *See Amber Lee G. v. Comm'r of Soc. Sec.*, No. 3:23-CV-1401 (SVN), 2025 WL 670278, at *2 (D. Conn. Mar. 3, 2025) (citing *Vilardi v. Astrue*, 447 F. App'x 271, 272 n.2 (2d Cir. 2012) (summary order) (holding that issues not raised on appeal are deemed waived)).

The purpose of the step-two inquiry is to "screen out *de minimis* claims." *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995).

Significantly, where the ALJ finds that *any*—or, phrased another way, at least one—impairment is severe and proceeds with the sequential analysis, "the question whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence." *Jones-Reid v. Astrue*, 934 F. Supp. 2d 381, 402 (D. Conn. 2012) (quoting *Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003)), *aff'd*, 515 F. App'x 32 (2d Cir. 2013) (summary order). This is because the ALJ is required to consider all impairments—both severe and non-severe—in the remaining stages of the analysis. *Tyrone P.*, 2021 WL 288788, at *5. Accordingly, "if the ALJ considers all impairments at subsequent stages of the analysis, failure to find a particular condition 'severe' at Step Two, even if erroneous, constitutes harmless error" and will not serve as a basis for reversal. *Id.* at *5 (citing *O'Connell v. Colvin*, 558 F. App'x 63, 65 (2d Cir. 2014) (summary order) and *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) (summary order)).

Here, the ALJ determined that Plaintiff had several severe impairments, thereby resolving step two of the analysis in her favor. *See* Tr., ECF No. 11 at 20–22. The ALJ then proceeded with the remaining steps of the analysis. Although the ALJ did not find that Plaintiff's migraines were severe, the decision itself reflects that the ALJ considered all of Plaintiff's ailments, including those deemed non-severe, in assessing the next step(s) of the sequential evaluation, including in assessing Plaintiff's residual functional capacity ("RFC"). *See id.* at 21 ("I considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual capacity."). Thus, the Court declines to evaluate whether the ALJ

4

erred at step two and instead focuses its inquiry on whether the ALJ's decision adequately accounted for Plaintiff's migraines in determining her RFC. The Court concludes that it has.

B. Residual Functional Capacity Assessment

An RFC assessment is "administrative in nature, not medical, and its determination is within the province of the ALJ." *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (summary order); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). In making this determination, the ALJ must consider all relevant medical and other evidence, including any statements about what the claimant can still do provided by any medical sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). It is the ALJ's duty, not the Court's, to weigh conflicting evidence in the record. *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998). The ALJ's conclusions need not "perfectly correspond with any of the opinions of medical sources cited in his decision," as he is entitled to weigh all evidence available to make an RFC finding that is consistent with the record as a whole. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order); *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022) ("the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence").

Here, the ALJ determined that Plaintiff had the RFC to perform light work with the following limitations: she could stand and walk up to four hours during an eight-hour workday; she could occasionally climb stairs and ramps; and she could perform simple, routine tasks and tolerate occasional, minor changes in her work setting and procedures. *See* Tr. at 25. The ALJ also found that Plaintiff could not climb ladders or work at unprotected heights, and that she should avoid hazards normally found in the workplace. *Id.*

The Court construes certain of Plaintiff's arguments as challenging the ALJ's purported inadequate consideration of her migraines in his RFC assessment, but finds that none of them are

persuasive.  First, the Court finds unavailing Plaintiff's arguments that the ALJ failed to consider the severity of her migraines when reaching the RFC and ultimately finding that the migraines, among other ailments, did not preclude her from performing light work.  Based on the record, the ALJ acknowledges Plaintiff's migraine symptoms throughout his decision, noting instances where Plaintiff's migraines showed minimal improvement in response to certain medications and treatments.  *See, e.g.*, Tr. at 26 (noting that Plaintiff "has tried oral medications, injections, infusions, and Botox for her migraines, but has not gotten sufficient relief" and acknowledging that Plaintiff suffered from "at least four or five migraines a week, lasting at least 30 minutes each time"); *see also Sarah R. C. v. Comm'r of Soc. Sec.*, No. 24-CV-0083 (MAV), 2024 WL 4800024, at *6–7 (W.D.N.Y. Nov. 15, 2024) (affirming ALJ's RFC restrictions to account for the plaintiff's headaches, which included noting instances of reported reduction in headaches with medication and trigger point injections, among other considerations).

The ALJ also considered the opinions of several medical consultants in determining Plaintiff's RFC, including slightly conflicting evidence.  For instance, the ALJ found partially persuasive the opinion of Erin Madden, MD and fully persuasive that of Barbara Coughlin, MD, both of whom found that Plaintiff could perform a reduced range of light work despite her ailments. Tr. at 32.  Additionally, the ALJ considered the testimony of Michele Krynski, Ph.D.  The ALJ found that Krynski's opinion that Plaintiff did not suffer from any cognitive impairments was supported by and consistent with other evidence in the record, but nonetheless credited Plaintiff's reports of difficulty concentrating and managing stress, and determined that Plaintiff could only carry out limited, simple tasks.  *Id.* at 33.  Finally, when reviewing the evidence proffered by Jacob Kogan, MD, who stated that Plaintiff's impairments caused only mild-to-moderate physical limitations and no cognitive deficits, the ALJ determined that such evidence was "vague" in nature

6

and "less than fully persuasive." *Id.* Such considerations show that the ALJ meaningfully grappled with the evidence and attempted to resolve conflicting issues. And while the Court acknowledges that some of the evidence pointed to in the ALJ's assessment of Plaintiff's RFC does not directly mention her migraines, the ALJ need not discuss every piece of evidence as long as the Court can glean the ALJ's rationale based on the entire record. *See Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (*per curiam*).

Additionally, other evidence in the record supports the ALJ's finding that her migraine symptoms did not preclude her from sustaining simple work. For instance, the ALJ observed that despite Plaintiff's ailments, she was able to engage in significant daily activities, including doing laundry, maintaining hygiene and grooming independently, watching television, playing video games, doing puzzles, using the Internet, spending time with friends, shopping online and in stores, and driving or taking the train from Connecticut to her parents' home in upstate New York. Tr. at 26–27. The ALJ also observed that Plaintiff exercised regularly and credited her ability to shop, prepare meals, do household chores, cook, listen to music, and read. *Id.* at 29–31. Courts have held that such evidence is sufficient to show that a claimant may perform a range of simple work, such that the claimant cannot be considered disabled as defined in the regulations. *See, e.g., Medina v. Comm'r of Soc. Sec.*, 831 F. App'x 35, 36 (2d Cir. 2020) (summary order) (activities such as driving, cleaning, doing laundry, cooking, and shopping "require[d] concentration and the ability to stay on task" and were inconsistent with disabling symptoms); *Michelle K. v. Comm'r of Soc. Sec.*, No. 1:21-CV-1295 (DB), 2024 WL 1856857, at *4, 13 (W.D.N.Y. Apr. 29, 2024) (activities including socializing, maintaining personal care, exercising regularly, and performing household chores, such as cooking, driving, shopping, supported RFC for simple work); *Kenneth W. v. Comm'r of Soc. Sec.*, No. 1:19-CV-0825 (WBC), 2020 WL 7385251, at *6 (W.D.N.Y. Dec.

16, 2020) (ability to prepare meals, use public transportation, watch television, visit with friends, do chores, among others, supported RFC for simple tasks); *Bahaga v. Comm'r of Soc. Sec.*, No. 19-CV-05014 (KPF) (RWL), 2020 WL 5755020, at *7 (S.D.N.Y. July 2, 2020) (activities such as "reading, watching movies and television, doing word puzzles, [and] playing chess" consistent with ability to perform range of simple work).  Plaintiff points to no contrary authority.

Furthermore, the ALJ's decision considered that Plaintiff had no cognitive or memory defects, *see* Tr. at 23, which further supports the ALJ's finding that she could perform limited work despite her ailments.  *See Jessica L. C. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1913 (WBC), 2022 WL 15523467, at *8–9 (W.D.N.Y. Oct. 27, 2022) (finding that the ALJ properly considered evidence of normal mental status examinations, including memory, attention, and concentration, in reaching RFC and in discounting opinion that migraines would constantly distract plaintiff).

Next, Plaintiff argues that the ALJ's decision should be reversed because it failed to properly consider evidence indicating that she would be "off-task at least 15% of the workday." ECF No. 14-1 at 18.  Plaintiff relies on the testimony of a vocational expert, who testified that if a hypothetical claimant with limitations similar to Plaintiff would be off-task 15% of the time or more of the workday, there would be no hypothetical jobs that the claimant could perform.  *See* Tr. at 73.  In Plaintiff's view, had the ALJ considered evidence concerning the severity of her migraines, he would have concluded that she would be "off-task" fifteen percent of the workday and therefore unable to sustain employment.

The Court finds this argument unpersuasive.  Even assuming *arguendo* that Plaintiff's migraines would render her unable to work for fifteen percent or more of the workday, the record reflects that the ALJ *did* consider and credit the vocational expert's testimony (albeit at a later stage of the sequential evaluation).  In his decision, the ALJ acknowledged the vocational expert's

testimony, and noted that upon further questioning, the expert listed three positions that a hypothetical claimant could perform despite certain standing and walking limitations, including that of a hand packer, production worker, or production inspector. *Id.* at 38, 72. This testimony showed that certain jobs existed that were consistent with Plaintiff's limitations. Based on this testimony, and considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and could not be considered disabled. *Id.* The fact that Plaintiff interprets the evidence to support a different RFC finding is not sufficient for reversal. *See Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order) ("[W]hether there is substantial evidence supporting the appellant's view is not the question here; rather, we must decide whether substantial evidence supports *the ALJ's decision*.") (emphasis in original). Thus, Plaintiff's arguments on appeal are without merit.

## IV. CONCLUSION

For the reasons described herein, Plaintiff's motion to reverse, ECF No. 14, is DENIED and Defendant's motion to affirm, ECF No. 19, is GRANTED. The Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

**SO ORDERED** at Hartford, Connecticut, this 30th day of March, 2026.

 */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE